UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAN CARR | CIVIL ACTION |
| VERSUS | NO. 08-3656 |
| CEC ENTERTAINMENT, INC., ET AL | SECTION "C" (1) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns damages allegedly sustained in May 2007 when she fell in a store owned and operated by the defendants.  This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A

Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.  The Court has allowed additional time to supplement the record.   The supplemented medical records do indicate that the plaintiff suffers from a number of medical problems both before and after the fall, the seriousness

of which the Court can not minimize. Pertaining to this accident, however, the medical records contain a diagnosis after the fall of "severe contusion to the left knee" and "fracture right proximal humerus," which the plaintiff claims resulted in six to eight weeks of home therapy and two hospital visits. The plaintiff also states that she has incurred $13,372.00 in medical expenses as a result of this accident, but does not provide a detailed summary of expenses, which would be important in a case such as this where the plaintiff has other debilitating conditions for which treatment was required before and after the accident. Unlike the situation in *Ibrahim v. Hawkins*, 845 So.2d 471 (La. App. 1st Cir. 2003), there is no evidence that surgery was either recommended or performed after the fall in this matter.[1]

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction on removal. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

---

[1]  It appears from the medical records that the plaintiff reported a fall in February 2008 in which her right shoulder was injured.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 24th Judicial Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 14th day of October, 2008.

                HELEN G. BERRIGAN
                UNITED STATES DISTRICT JUDGE